This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 93
S.L. (Anonymous),
           Appellant,
        v.
J.R. (Anonymous),
           Respondent.

Harold R. Burke, for appellant.
Respondent pro se.
John A. Pappalardo, for the children.
Domestic Violence Legal Empowerment and Appeals Project et al., amici curiae.

GARCIA, J.:

This case requires that we consider whether Supreme Court properly made a final custody determination without first conducting a plenary hearing. We hold that, on this record, a hearing was required.

After nearly 15 years of marriage, appellant S.L.

- 1 -

(Mother) commenced divorce proceedings against respondent J.R. (Father), seeking full custody of their two minor children. Shortly thereafter, Father filed an order to show cause seeking temporary sole legal custody of the children, alleging that he feared for their safety based on a series of alleged incidents involving harassment, extramarital affairs, and abuse of alcohol and prescription medication by Mother. Supreme Court granted Father temporary sole interim legal and physical custody of the children and provided for supervised visitation for Mother. After receiving responsive papers from Mother and the Attorney for the Children, the court issued a second order continuing the interim award of custody for Father and supervised visitation for Mother.

The court later received the report of a court-appointed forensic evaluator, who concluded that Father was the more "psychologically stable" of the two parents. During a subsequent appearance, the court set a briefing schedule and stated that it "may also be in a position to determine custody sua sponte, based on [the] information in this case." The parties submitted letter briefs regarding Father's requested relocation and the court's ability to grant custody to Father without a hearing.

One month later, the court resolved the custody portion of the parties' dispute: Father was awarded sole legal and physical custody of the children. With regard to visitation, the

court noted that, although "the parties plan[ned] to continue to make attempts at reinstating therapeutic or supervised visitation," both visitation and family therapy had been "suspended" for more than five months. The court did not conduct an evidentiary hearing, remarking that a hearing was "not necessary in these circumstances since the allegations are not controverted." Specifically, the court noted that Mother "acknowledged her involvement in many incidents of disturbing behavior." The court also cited the opinions of the family therapist, the court-appointed forensic evaluator, and the agency supervising visitation in support of its determination.

The Appellate Division unanimously affirmed (S.L. v J.R., 126 AD3d 682 [2d Dept 2015]). The court noted that custody determinations "generally may only be made following a full and comprehensive evidentiary hearing," but held that "no hearing is necessary where, as here, 'the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child's best interest'" (id. at 682). Pointing to "the parties' affidavits and the reports prepared by the court-appointed forensic evaluator," the court reasoned that Mother "admits" Father's allegations "regarding her emotionally destructive and sometimes violent behavior toward him and the parties' two children" (id.). In addition, "the forensic evaluator, who interviewed the parties and the subject children, concluded that [Father] was the more stable parent, and that

[Father] was able to make sound parenting decisions for the children" (id.).  The court also noted that "the attorney for the children supported the award of custody" to Father (id.).

We granted leave to appeal and now reverse.

It is well-settled that parents have a fundamental right to custody of their children (Santosky v Kramer, 455 US 745, 753-754 [1982]; Matter of Ella B., 30 NY2d 352, 357 [1972]).  However, in child custody determinations, neither parent has a "prima face right to the custody of the child" (Domestic Relations Law § 70[a]).  Instead, in assessing questions of child custody, courts must "make every effort to determine what is for the best interest of the child, and what will best promote its welfare and happiness" (Eschbach v Eschbach, 56 NY2d 167, 171 [1982] [internal quotation marks and citations omitted]).  In all custody disputes between divorced parents, "the first concern of the court is and must be the welfare and the interests of the children" (Lincoln v Lincoln, 24 NY2d 270, 271-272 [1969]).  The interests of the children are always "paramount" and the "rights of their parents must, in the case of conflict, yield to that superior demand" (id. at 272).

Our precedent makes clear that custody determinations should "[g]enerally" be made "only after a full and plenary hearing and inquiry" (Obey v Degling, 37 NY2d 768, 770 [1975]).  This general rule furthers the substantial interest, shared by the state, the children, and the parents, in ensuring that

custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child.  Wherever possible, "[c]ustody of children should be established on a long-term basis"; "children should not be shuttled back and forth between divorced parents" merely because of changed circumstances "so long as the custodial parent has not been shown to be unfit" (id. at 770).  Given the goals of stability and permanency, as well as the weight of the interests at stake, the societal cost of even an occasional error in a custody proceeding is sizeable.  Custody determinations therefore require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the optimal result for the child.  The value of a plenary hearing is particularly pronounced in custody cases in light of the subjective factors -- such as the credibility and sincerity of the witnesses, and the character and temperament of the parents -- that are often critical to the court's determination.

But in light of our guiding principle -- the best interest of the child -- there can be "no absolutes" in child custody cases (Eschbach, 56 NY2d at 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]).  Custody determinations must be "entrusted to the sound discretion of the trial court" (Matter of Jewish Child Care Ass'n of New York, 5 NY2d 222, 228 [1959]).  Accordingly, the "general" right to a hearing in custody cases is not an absolute one.

Here, the Appellate Division upheld Supreme Court's decision not to conduct an evidentiary hearing based on its determination that the court possessed "adequate relevant information to enable it to make an informed and provident determination as to the child's best interest."  This holding was error.

The undefined and imprecise "adequate relevant information" standard applied by the courts below tolerates an unacceptably-high risk of yielding custody determinations that do not conform to the best interest of a child -- the first and paramount concern of the court.  Nor does this standard adequately protect a parent whose fundamental right -- the right "to control the upbringing of a child" (Matter of Adoption of Maxwell, 4 NY2d 429, 439 [1958]) -- hangs in the balance.  For instance, in rendering a final custody award without a hearing, Supreme Court appeared to rely on, among other things, hearsay statements and the conclusion of a court-appointed forensic evaluator whose opinions and credibility were untested by either party.  A decision regarding child custody should be based on admissible evidence, and there is no indication that a "best interest" determination was ever made based on anything more reliable than mere "information."  Moreover, while Supreme Court purported to rely on allegations that were "not controverted," the affidavit filed by Mother plainly called into question or sought to explain the circumstances surrounding many of the

alleged "incidents of disturbing behavior."  These circumstances do not fit within the narrow exception to the general right to a hearing.

We take no position on whether the award of custody to Father was an appropriate result; we hold only that, on this record, the Appellate Division erred in holding that a hearing was not required based on an application of the "adequate relevant information" standard.  In doing so, we reaffirm the long-established principle that, as a general matter, custody determinations should be rendered only after a full and plenary hearing.  We decline, however, to fashion a "one size fits all" rule mandating a hearing in every custody case statewide.  However, where, as here, facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required.  Accordingly, a court opting to forego a plenary hearing must take care to clearly articulate which factors were -- or were not -- material to its determination, and the evidence supporting its decision.  Under the circumstances of this case, a plenary hearing was necessary.

The order of the Appellate Division should be reversed, with costs, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed, with costs, and case remitted to Supreme Court, Westchester County, for further proceedings in accordance with the opinion herein.  Opinion by Judge Garcia.  Judges Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.  Chief Judge

DiFiore took no part.

Decided June 9, 2016