# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1235**
**CAF 15-01118**
PRESENT: PERADOTTO, J.P., CARNI, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JOSEPH L. KING,
PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TIFFANY A. KING, DEFENDANT-APPELLANT.

---

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
DEFENDANT-APPELLANT.

GERALD J. VELLA, SPRINGVILLE, FOR PLAINTIFF-RESPONDENT.

LYLE T. HAJDU, ATTORNEY FOR THE CHILDREN, LAKEWOOD.

---------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Cattaraugus County
(Jeremiah J. Moriarty, III, J.), entered October 14, 2015. The
judgment, insofar as appealed from, incorporated an order of the
Family Court, Cattaraugus County (Michael L. Nenno, J.) entered June
3, 2015, which granted sole custody of the parties' children to
plaintiff.

It is hereby ORDERED that said appeal is unanimously dismissed
except insofar as defendant challenges the custody determination, the
judgment insofar as appealed from is reversed on the law without
costs, the second decretal paragraph is vacated, the order entered
June 3, 2015 is reversed, and the matter is remitted to Supreme Court,
Cattaraugus County, for further proceedings in accordance with the
following memorandum: Defendant mother appeals from an order of
Family Court that granted plaintiff father's petition seeking sole
custody of the parties' two children. Because that order was
incorporated but not merged in Supreme Court's subsequent judgment of
divorce, we exercise our discretion to treat the appeal as having been
taken from the final judgment of divorce (*see Hughes v Nussbaumer,
Clarke & Velzy*, 140 AD2d 988, 988). Although the judgment was entered
upon the mother's default and no appeal lies from a judgment entered
on default, the appeal nevertheless "brings up for our review 'matters
which were the subject of contest' before the court," i.e., the
father's custody petition (*Rottenberg v Clarke*, ___ AD3d ___, ___
[Nov. 18, 2016], quoting *James v Powell*, 19 NY2d 249, 256 n 3, *rearg
denied* 19 NY2d 862; *see Britt v Buffalo Mun. Hous. Auth.*, 109 AD3d
1195, 1196).

We agree with the mother that Family Court erred in granting the
father sole custody of the children in the absence of a hearing to

determine the best interests of the children without "articulat[ing] which factors were—or were not—material to its determination and the evidence supporting its decision" (*S.L. v J.R.*, 27 NY3d 558, 564). It is axiomatic that "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry' . . . This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest[s] of the child[ren]" (*id.* at 563). "[A] court opting to forgo a plenary hearing must take care to clearly articulate" the material factors and the supporting evidence upon which it relied (*id.* at 564), and Family Court failed to do so here. We therefore dismiss the appeal except insofar as it concerns the contested custody matter, reverse the judgment insofar as appealed from, vacate the second decretal paragraph, reverse Family Court's custody order, and remit the matter to Supreme Court for further proceedings on the issue of custody. In light of our determination, we need not reach the mother's remaining contention.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court