Matter of DiSisto v Dimitri (2019 NY Slip Op 04695)





Matter of DiSisto v Dimitri


2019 NY Slip Op 04695


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2018-00167
 (Docket Nos. V-9678-14, V-12841-14)

[*1]In the Matter of Melissa DiSisto, respondent,
v
Francis Dimitri, appellant. (Proceeding No. 1)
In the Matter of Francis Dimitri, appellant,
v
Melissa DiSisto, respondent. (Proceeding No. 2)


Daniel L. Pagano, Yorktown Heights, NY, for appellant.
Christina T. Hall, Harrison, NY, for respondent.
Lisa F. Colin, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an amended order of custody of the Family Court, Westchester County (Hal Greenwald, J.), dated December 15, 2017. The amended order, insofar as appealed from, granted the mother's petition for sole custody of the parties' child and, in effect, denied the father's petition for custody.
ORDERED that the amended order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing and a new determination thereafter of the mother's petition and the father's petition, before a different Judge.
The parties are the parents of a seven-year-old child who has lived with the mother since the child's birth in 2012. The father was adjudicated to be the father by an order of filiation in 2014, and both parents filed a petition for custody that same year. The father raised the issue of parental alienation and denial of access to the child. A forensic evaluator recommended overnight parental access with the father.
The Family Court denied the father a hearing and issued an order dated September 7, 2017, awarding the mother sole custody of the child and incorrectly stating that the order was issued "on consent." On November 13, 2017, this Court dismissed the father's appeal from that order on the ground that no appeal lies from an order entered upon the consent of the appealing party. In an amended order dated December 15, 2017, the Family Court recognized that the relief granted in the order dated September 7, 2017, was not on consent. The father appeals from the amended order.
Custody determinations should " [g]enerally' be made only after a full and plenary [*2]hearing and inquiry'" (S.L. v J.R., 27 NY3d 558, 563, quoting Obey v Degling, 37 NY2d 768, 770). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563). Here, the record does not demonstrate the absence of unresolved factual issues so as to render a custody hearing unnecessary (see id.; cf. Matter of Long v Donoghue, 167 AD3d 614).
Accordingly, the matter must be remitted to the Family Court, Westchester County, for a hearing on the mother's custody petition and the father's custody petition, and a new determination thereafter of the petitions. Under the circumstances of this case, we deem it appropriate that the hearing and any further proceedings in this matter take place before a different Judge. Pending the hearing and new determination of the petitions, the parties shall adhere to the parental access schedule for the father delineated in the amended order of custody.
DILLON, J.P., CHAMBERS, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court