Matter of Guy v Weichel (2019 NY Slip Op 04943)





Matter of Guy v Weichel


2019 NY Slip Op 04943


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-02084
2018-02103
 (Docket No. V-1059-11/15B)

[*1]In the Matter of Donovan Devon Guy, respondent,
v
Melonie Frances Weichel, appellant.


Jill M. Zuccardy, New York, NY, for appellant.
Bernfeld, DeMatteo & Bernfeld, LLP, New York, NY (Jeffrey L. Bernfeld of counsel), for respondent.
Karen P. Simmons, Brooklyn, NY (Lee D. Tarr and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a custody proceeding, the mother appeals from two orders of the Supreme Court, Kings County (Esther M. Morgenstern, J.), both dated December 14, 2017. The first order, inter alia, granted, without a hearing, that branch of the father's petition which was to modify a prior consent order of custody of the same court (Patricia E. Henry, J.) dated March 14, 2014, awarding sole legal custody of the parties' child to the mother, to the extent of awarding joint legal custody of the child to the parties. The second order, inter alia, continued joint legal custody upon the terms stated in the first order.
ORDERED that the orders dated December 14, 2017, are reversed, on the law, with one bill of costs, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith; and it is further,
ORDERED that pending a new determination of that branch of the father's petition which was to modify the order dated March 14, 2014, the provisions of the order dated March 14, 2014, shall remain in effect.
The parties were never married and have one child together, born in 2009. After petitions for custody and various petitions alleging, inter alia, domestic violence and malicious prosecution, the Family Court proceedings were transferred to the Supreme Court, Kings County (IDV Part) in 2011. On March 14, 2014, the parties agreed to resolve all outstanding petitions and motions pursuant to a settlement agreement that was so-ordered by the court. The order dated March 14, 2014, inter alia, awarded sole legal custody of the child to the mother, with liberal parental access to the father, and directed that the father was to be consulted on major issues concerning, among other things, the child's education and health.
In March 2015, the father petitioned, inter alia, to modify the order dated March 14, 2014, so as to award him sole legal and residential custody of the child, and the parties thereafter [*2]attempted to negotiate a new custody settlement. At an appearance on July 18, 2017, upon hearing that the parties had made some progress on the outline of a possible settlement, the Supreme Court urged them to "put the framework on the record because we're not relitigating this." While attempting to do so, however, it soon became evident that several major points of disagreement had yet to be resolved. At the end of the day, the parties agreed to continue their negotiations, with a view to submitting a written order to the court at the next session. The court indicated that it would need to review the proposed order and allocute the parties before entering any final order.
After two adjournments, the parties appeared again before the Supreme Court on December 14, 2017. At that time, the father's attorney presented an unsigned written order to the court, complaining that the mother had refused to "go through" with the settlement. Declaring that "[e]nough is enough," and that the court "could care less" what the mother wanted to do, the court declared that the matter had already been fully settled "on consent" at the July 18, 2017, court appearance and, over the mother's repeated objection and without allocuting the parties, accepted the proposed order offered by the father's counsel and entered it as a "consent order." The order, dated December 14, 2017, granted the father's motion to modify the order dated March 14, 2014, to the extent of awarding joint legal custody of the child to the parties. In a separate order, also dated December 14, 2017, to which a copy of the first order is attached, the court, inter alia, directed that "the final order of joint legal custody continues." The mother appeals from both orders dated December 14, 2017.
A review of the record confirms the views expressed by both the mother and the attorney for the child that the Supreme Court lacked any factual basis for concluding that the terms of the written order presented by the father's attorney had been agreed to by the mother. To the contrary, the mother's counsel objected to the entry of the proposed order, which, among other things, purported to settle several material issues that had been expressly left open and unresolved at the time of the July 18, 2017, court appearance. Therefore, contrary to the father's contention, and notwithstanding the court's own characterization, neither of the orders appealed from was, in fact, entered on the mother's consent.
Moreover, the Supreme Court should not have granted, without a hearing, that branch of the father's petition which was to modify the terms of the March 14, 2014, custody order, to the extent of awarding joint legal custody of the child to the parties. Custody determinations should "[g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (id. at 563). Here, the record does not reveal the existence of circumstances that would bring this case within the narrow exception to the general right to a hearing (see id. at 563-564).
Accordingly, we remit the matter to the Supreme Court, Kings County, for a new determination of that branch of the father's petition which was to modify the order dated March 14, 2014. Upon remittal, the court must first determine, as a threshold matter, whether the father has established a sufficient change in circumstances (see Matter of Scott v Powell, 146 AD3d 964, 965) and, if so, whether a modification of the March 14, 2014, custody order would be in the child's best interests. In determining whether an evidentiary hearing is required, the court must be guided by the standards set forth in the relevant cases (see S.L. v J.R., 27 NY3d 558; Matter of John, ____ AD3d ____, [Appellate Division Docket No. 2018-06336]; Matter of Peura v Peura, 170 AD3d 857; Matter of Scott v Powell, 146 AD3d 964).
CHAMBERS, J.P., MALTESE, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court