Matter of Fernandez v Saunders (2019 NY Slip Op 05403)





Matter of Fernandez v Saunders


2019 NY Slip Op 05403


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JOHN M. LEVENTHAL
HECTOR D. LASALLE, JJ.


2018-03376
 (Docket No. V-5908-14)

[*1]In the Matter of Julio Fernandez, respondent,
v
Kymalyn Saunders, appellant.


Drummond & Squillace, PLLC, Jamaica, NY (Stephen L. Drummond of counsel), for appellant.
Adam H. Moser, Rockville Centre, NY, for respondent.
Carol J. Lewisohn, Cedarhurst, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Thomas Rademaker, J.), dated February 16, 2018. The order, in effect, granted the father's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Family Court, Nassau County, for further proceedings in accordance herewith, including a hearing on the father's petition and a new determination of the petition thereafter, before a different Judge; and it is further,
ORDERED that pending a hearing and new determination of the petition, temporary custody shall remain with the father, with supervised parental access to the mother, pursuant to the April 15, 2016, directive of the Family Court, and any additional parental access as ordered by the Family Court.
The mother and the father have one child together, who was born in 2012. In 2014, the father filed a petition for sole legal and physical custody of the child. On April 15, 2016, the Family Court directed that the father have temporary custody of the child and that the mother have supervised parental access.
The Family Court subsequently directed a forensic evaluation, the cost of which, over the mother's objection, was to be borne entirely by her. After the mother failed to obtain a forensic evaluation, the court, in effect, granted the father's petition, without a hearing, and awarded the father sole legal and physical custody of the child, with supervised parental access to the mother. The mother appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of McPherson v McPherson, 139 AD3d 953, 953 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "[A]s a general matter, custody determinations should be rendered only after a full [*2]and plenary hearing" (S.L. v J.R., 27 NY3d 558, 564). Where "facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (id. at 564).
Here, the record shows that there were disputed factual issues regarding the child's best interests, such that a hearing on the father's petition was necessary (see id.; Matter of Williams v Jenkins, 167 AD3d 758, 760-761). Further, although we agree with the Family Court's determination to direct a forensic evaluation (see Matter of James R.O. v Cond-Arnold, 99 AD3d 801, 802; Stern v Stern, 225 AD2d 540, 541), the court should not have directed the mother to pay the full costs of the evaluation without first inquiring into the parties' financial circumstances (see Cervera v Bressler, 50 AD3d 837, 841; Klutchko v Baron, 1 AD3d 400, 405). Thus, upon remittal, the Family Court should reconsider the apportionment of the costs of the forensic evaluation after making an adequate inquiry into the parties' financial circumstances. Moreover, under the circumstances of this case, we deem it appropriate to remit the matter to a different Judge.
Accordingly, we reverse the order, and remit the matter to the Family Court, Nassau County, before a different Judge, for reconsideration of the apportionment of the costs of a forensic evaluation after inquiry into the parties' financial circumstances, and, upon completion of the forensic evaluation, a hearing on the father's petition for sole legal and physical custody of the subject child and a new determination of the petition thereafter.
BALKIN, J.P., CHAMBERS, LEVENTHAL and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court