Matter of Salvi v Salvi (2019 NY Slip Op 09272)





Matter of Salvi v Salvi


2019 NY Slip Op 09272


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-12725
 (Docket No. V-1140-16/16B)

[*1]In the Matter of John Salvi, respondent,
v
Maria Salvi, appellant.


John F. De Chiaro, Larchmont, NY, for appellant.
Steven P. Forbes, Jamaica, NY, for respondent.
Gloria Marchetti-Bruck, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated September 25, 2018. The order, insofar as appealed from, without a hearing, granted the father's petition to modify a prior order of custody and parental access dated October 4, 2016, and awarded him sole legal custody of the parties' child.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Family Court, Westchester County, to expeditiously conduct a hearing and for a new determination thereafter of the father's petition; and it is further,
ORDERED that pending a hearing and new determination of the petition, the parties shall abide by the parental access schedule set forth in the order dated September 25, 2018, and any additional parental access as ordered by the Family Court.
By "Agreed Order in Suit Affecting the Parent-Child Relationship" (hereinafter the Texas custody order) dated October 4, 2016, which was so-ordered by the District Court, Harris County, Texas, the parties agreed to be appointed "Joint Managing Conservators" of their child, and the father was granted the exclusive right to designate the child's primary residence within Westchester County, New York, or any contiguous county.
Less than two months later, on November 16, 2016, the father filed a petition in the Family Court, Westchester County, to modify the Texas custody order, inter alia, so as to award him sole custody of the child. The mother opposed the petition. Over 21 months, the parties made eight formal appearances in Family Court in connection with the father's petition. The court never conducted an evidentiary hearing on the father's petition, with the exception of taking the partial testimony of one nonparty witness. By order dated September 25, 2018, over the mother's objection and request for an evidentiary hearing, the court, inter alia, granted the father's petition to the extent of awarding him sole legal custody of the child. The mother appeals. We reverse.
Custody determinations should " [g]enerally' be made only after a full and plenary hearing and inquiry'" (S.L. v J.R., 27 NY3d 558, 563, quoting Obey v Degling, 37 NY2d 768, 770). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563). Here, the record does not demonstrate the absence of unresolved factual issues so as to render a custody hearing unnecessary (see id.).
Accordingly, the matter must be remitted to the Family Court, Westchester County, for a hearing and a new determination of the father's petition (see Matter of Guy v Weichel, 173 AD3d 1028; Matter of DiSisto v Dimitri, 173 AD3d 863, 863-864; Matter of Edmunds v Fortune, 156 AD3d 880, 881).
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court