Matter of Mitchell v Rand (2021 NY Slip Op 02161)





Matter of Mitchell v Rand


2021 NY Slip Op 02161


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-02200
2020-02201
 (Docket Nos. V-533-20, V-4278-16/19B, V-4649-19)

[*1]In the Matter of Corey K. Mitchell, petitioner- respondent, 
v
Charise Rand, respondent; Chaiten M. (Anonymous), nonparty-appellant. (Proceeding No. 1.)
In the Matter of Karen Rand, et al., petitioners- respondents,
v
Corey K. Mitchell, respondent- respondent, et al., respondent; Chaiten M. (Anonymous), nonparty-appellant. (Proceeding No. 2.)


Janet E. Sabel, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child, the nonparty-appellant.
Christopher P. Nalley, Staten Island, NY, for petitioner-respondent in Proceeding No. 1 and respondent-respondent in Proceeding No. 2.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the subject child appeals, by permission, from two orders of the Family Court, Richmond County (Janet L. McFarland, Ct. Atty. Ref.), dated January 8, 2020, and February 13, 2020, respectively. The orders, insofar as appealed from, without a hearing, directed a service provider to provide the father with at least three "supervised and therapeutic visits" with the child and to submit a written report containing "observations and evaluations" of the visits to the Family Court by a date certain.
ORDERED that the orders are affirmed insofar as appealed from, without costs or disbursements.
In a final order of custody and parental access dated February 7, 2018, the Family Court awarded custody of the subject child to the mother and directed, in relevant part, that the father was "not permitted [parental access] with the child." The order further provided that, in order to receive parental access, the father was required to, inter alia, petition the court, comply with random drug tests and test negative, undergo a CASAC evaluation, and complete a batterer's program and a parenting skills class.
On October 1, 2019, the father petitioned for parental access. In his petition, the father alleged that he would like to be an active part of the child's life and requested that the Family Court grant him a parental access schedule. Over a series of appearances before a Court Attorney Referee (hereinafter the Referee), the father submitted proof of his purported compliance with the terms of the February 7, 2018 order, the Administration for Children's Services conducted an [*2]investigation into the father's living conditions, and the Referee ordered drug testing and a CASAC evaluation. After making a finding on the record that the father had completed "all the programs that he was supposed to complete," on January 8, 2020, the Referee issued an order directing a service provider to provide the father with at least three "supervised and therapeutic visits" with the child and to submit a written report containing "observations and evaluations" of the visits to the court by the next scheduled court appearance.
The mother subsequently became ill and those supervised therapeutic visits never occurred. On January 30, 2020, in anticipation that the mother would not survive her illness, her father and stepmother petitioned the Family Court for custody of the child. On January 31, 2020, the mother died.
Following a court appearance on February 13, 2020, the Referee again issued a nearly identical order directing a service provider to provide the father with at least three "supervised and therapeutic visits" with the child and to submit a written report containing "observations and evaluations" of the visits to the Family Court by the next scheduled court appearance.
The child appeals from both orders, arguing that the Referee should have conducted an evidentiary hearing prior to awarding the father temporary supervised therapeutic parental access. We affirm.
"The paramount concern in any custody or [parental access] determination is the best interests of the child, under the totality of the circumstances" (Matter of Mendez v Limas, 160 AD3d 866, 867). "[C]ustody determinations should [g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]). "However, the general rule is not absolute, as the court's guiding principle is the best interests of the child" (Matter of Daclin-Goyatton v Cousins, 172 AD3d 1369, 1369).
Under the circumstances of this case, the Referee did not improvidently exercise her discretion in awarding the father, on a temporary basis, at least three supervised therapeutic visits with the child and directing that the service provider report back to the Family Court, in writing, with observations and evaluations of the visits (see id. at 1369-1370).
RIVERA, J.P., DILLON, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court