Matter of Merchant v Caldwell (2021 NY Slip Op 05570)





Matter of Merchant v Caldwell


2021 NY Slip Op 05570


Decided on October 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2020-05769
 (Docket No. V-11119-12/19C)

[*1]In the Matter of Ronald S. Merchant, Jr., appellant,
v
Cameron L. Caldwell, respondent.


Sonnenfeld & Richman LLP, New York, NY (Judith R. Richman and Brad Evan Serlen of counsel), for appellant.
Advocate LLP, New York, NY (Jason A. Advocate of counsel), for respondent.
Jennifer Marshall, Brooklyn, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of dismissal of the Family Court, Kings County (Judith D. Waksberg, J.), dated June 29, 2020. The order of dismissal, upon an order of the same court also dated June 29, 2020, granting the mother's motion to dismiss the father's petition to modify a prior order of custody and visitation, dismissed the petition. The notice of appeal from the order is deemed to be a notice of appeal from the order of dismissal (see CPLR 5512[a]).
ORDERED that the order of dismissal is reversed, on the law, without costs or disbursements, the order dated June 29, 2020, is vacated, and the matter is remitted to the Family Court, Kings County, for forensic evaluations of the parties and the subject child, and an evidentiary hearing on the father's petition and a new determination thereafter of the father's petition.
The parties were never married, and have one child in common. On October 1, 2013, they entered into a so-ordered stipulation of settlement pursuant to which the mother was awarded sole physical custody of the child and the parties shared joint legal custody of the child.
On July 30, 2019, the father filed a petition seeking to modify the stipulation of settlement so as to award him sole legal custody of the child, to increase his parental access to the child, and to appoint an independent forensic evaluator to conduct an evaluation of the parties and the child. On or about February 21, 2020, the mother moved to dismiss the father's petition. On March 5, 2020, the attorney for the child submitted an affirmation, contending that the Family Court should hold a hearing on the father's petition since the father alleged a sufficient change in circumstances, and there were factual discrepancies in the parties' affidavits.
On June 29, 2020, the Family Court issued an order dismissing the father's petition, since the father failed to establish a substantial change in circumstances and failed to make an evidentiary showing requiring a hearing. The father appeals.
In order to modify an existing court-sanctioned custody or parental access agreement, [*2]there must be a showing that there was a sufficient change in circumstances so that modification is required to protect the best interests of the child (see Matter of Williams v Jenkins, 167 AD3d 758, 760; Henrie v Henrie, 163 AD3d 927, 928; Matter of Miller v Shaw, 160 AD3d 743, 744; Gentile v Gentile, 149 AD3d 916, 918). Although "[a] parent seeking a change of custody is not automatically entitled to a hearing" (Gentile v Gentile, 149 AD3d at 918), "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (S.L. v J.R., 27 NY3d 558, 563, quoting Obey v Degling, 37 NY2d 768, 770). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563). Accordingly, "[w]hen the allegations of fact in a petition to change custody are controverted, the court must, as a general rule, hold a full hearing" (Matter of Laureano v Wagner, 149 AD3d 745, 745 [internal quotation marks omitted]).
Here, the record does not demonstrate the absence of unresolved factual issues so as to render a hearing unnecessary (see S.L. v J.R., 27 NY3d at 563; Brin v Shady, 179 AD3d 760, 762; Katsoris v Katsoris, 178 AD3d 794, 796-797; Matter of Williams v Jenkins, 167 AD3d at 760; cf. Matter of Long v Donoghue, 167 AD3d 614). Rather, the record shows that there were disputed factual issues regarding the child's best interests such that a hearing on modification of joint legal custody and parental access was required (see S.L. v J.R., 27 NY3d at 563; Katsoris v Katsoris, 178 AD3d at 796-797).
Accordingly, we remit the matter to the Family Court, Kings County, for a hearing on the father's petition to modify the legal custody and parental access provisions of the stipulation of settlement. The hearing and determination should be preceded by forensic evaluations of the parties and the child (see Matter of Velez v Alvarez, 129 AD3d 1096, 1097).
The father's remaining contention is without merit
MASTRO, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court