Matter of Baez-Delgadillo v Moya (2023 NY Slip Op 01994)

Matter of Baez-Delgadillo v Moya

2023 NY Slip Op 01994

Decided on April 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2022-02011
 (Docket No. V-242-19)

[*1]In the Matter of Melissa Baez-Delgadillo, respondent, 
v
Ruben Moya, appellant.

Paul W. Matthews, Staten Island, NY, for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Louise Feld and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated March 2, 2022. The order, without a hearing, granted the mother's petition for sole legal and physical custody of the parties' child, and suspended the father's parental access with the child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the mother's petition for custody of the parties' child and the father's parental access; and it is further,
ORDERED that pending the hearing and new determination of the mother's petition for custody and the father's parental access, the provisions of an order of the Supreme Court, Kings County, dated December 16, 2021, shall remain in effect.
The parties, who were never married to each other, are the parents of a child born in 2012. The child has been in the physical custody of the mother since his birth. In September 2019, the mother filed a petition for sole legal and physical custody of the child.
In an order dated December 16, 2021, the Supreme Court awarded the mother temporary custody of the child, awarded the father supervised parental access, and directed the father to enroll in therapy. On the record that day, the court directed the father to enroll in batterer's intervention and alcohol treatment programs. The father failed to comply with the court's directives. In an order dated March 2, 2022, the court, without a hearing, granted the mother's petition for sole legal and physical custody and suspended the father's parental access with the child based on his failure to attend alcohol treatment and therapy. The father appeals.
"Custody determinations should generally be made only after a full and plenary hearing and inquiry" (Matter of Jones v Rodriguez, 209 AD3d 651, 651-652 [alterations and internal quotation marks omitted]; see S.L. v J.R., 27 NY3d 558, 563). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Bendter v Elikwu, _____ AD3d _____, 2023 NY Slip Op [*2]01670 [2d Dept]; Matter of Dysko v Dysko, 213 AD3d 847). "A court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (S.L. v J.R., 27 NY3d at 564; Matter of Jones v Rodriguez, 209 AD3d at 652 [internal quotation marks omitted]). "Similarly, visitation determinations should generally be made after a full evidentiary hearing to ascertain the best interests of the child" (Matter of Izquierdo v Santiago, 151 AD3d 967, 968).
Here, the Supreme Court erred in making a final custody determination without a hearing and without inquiring into the best interests of the parties' child (see S.L. v J.R., 27 NY3d at 563; Matter of Bendter v Elikwu, ___AD3d___, 2023 NY Slip Op 01670; Matter of Dysko v Dysko, 213 AD3d 847). Moreover, the court failed to articulate the factors and evidence material to its determination (see S.L. v J.R., 27 NY3d at 564; Matter of Randall v Diaz, 208 AD3d 1330, 1331).
The Supreme Court also erred in suspending the father's parental access without determining the best interests of the child (see Matter of Dysko v Dysko, 213 AD3d 847). Furthermore, the court improperly conditioned the father's future parental access or reapplication for parental access rights upon his compliance with treatment (see Matter of Hardy v Hardy, 194 AD3d 1043, 1045; Matter of Smith v Dawn F.B., 88 AD3d 729, 730).
Accordingly, the matter must be remitted to the Supreme Court, Kings County, to conduct a hearing and for new determinations thereafter of the mother's custody petition and the father's parental access with the child.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court