Matter of Valedon v Naqvi (2024 NY Slip Op 02059)

Matter of Valedon v Naqvi

2024 NY Slip Op 02059

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2023-02453
 (Docket Nos. V-746-21/21A, V-747-21/21A, V-746-21/22B, V-747-21/22B, V-746-21/22C, V-747-21/22C)

[*1]In the Matter of Lyzardo F. Valedon, respondent,
v
Nilofer C. Naqvi, appellant.

Wexler Law Group PLLC, Mamaroneck, NY (Arlene Gold Wexler of counsel), for appellant.
W. David Eddy, Jr., White Plains, NY, for respondent.
Jennifer M. Jackman, White Plains, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated March 1, 2023. The order, insofar as appealed from, granted, without a hearing, the father's petition to modify the custody and parental access provisions of the parties' judgment of divorce, which incorporated but did not merge an order of the same court (Susan M. Capeci, J.) dated November 14, 2016, to the extent of awarding the father certain parental access with the parties' children.
ORDERED that the order dated March 1, 2023, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing in accordance herewith and a new determination of the father's petition thereafter; and it is further,
ORDERED that in the interim, and pending the new determination, an interim order of the Family Court, Westchester County, dated April 20, 2021, shall remain in effect.
The parties, who were divorced by judgment of divorce dated October 11, 2017, are the parents of two children, born in 2012 and 2014. Pursuant to the judgment of divorce, which incorporated but did not merge an order of custody and parental access dated November 14, 2016, the mother was awarded sole legal and residential custody of the children and the father was awarded parental access as agreed upon by the parties. In February 2021, the father filed a petition to modify the judgment of divorce so as to award him joint legal and residential custody of the children (hereinafter the father's modification petition). An interim order dated April 20, 2021, entered upon the consent of the parties, modified the father's parental access to every Saturday from 10:00 a.m. until 6:00 p.m.
By order dated March 1, 2023, the Family Court, without a hearing, granted the father's modification petition to the extent that it awarded the father, inter alia, parental access every [*2]weekend, with the weekend schedule alternating between daytime and overnight parental access. Pursuant to that schedule, the father was awarded daytime parental access on Saturday and Sunday each from 10:30 a.m. until 6:30 p.m. one weekend, and overnight parental access from Saturday at 10:30 a.m. until Sunday at 6:30 p.m. the next weekend. The mother appeals.
"'[Parental access] is a joint right of the noncustodial parent and of the child'" (Matter of Sarfati v DeJesus, 158 AD3d 807, 808, quoting Weiss v Weiss, 52 NY2d 170, 175). "'Absent extraordinary circumstances where [parental access] would be detrimental to the child's well-being, a noncustodial parent has a right to reasonable [parental access] privileges'" (Matter of Sarfati v DeJesus, 158 AD3d at 808, quoting Matter of Brian M. v Nancy M., 227 AD2d 404, 404).
"In order to modify an existing custody arrangement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the children" (Matter of Liang v O'Brien, 216 AD3d 1101, 1101). "Although [a] parent seeking a change of custody is not automatically entitled to a hearing, custody determinations should [g]enerally be made only after a full and plenary hearing and inquiry" (Matter of Merchant v Caldwell, 198 AD3d 782, 783 [citation and internal quotation marks omitted]; see Matter of Baez-Delgadillo v Moya, 215 AD3d 829, 830). "'This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child'" (Matter of Merchant v Caldwell, 198 AD3d at 783-784, quoting S.L. v J.R., 27 NY3d 558, 563). "Accordingly, [w]hen the allegations of fact in a petition to change custody are controverted, the court must, as a general rule, hold a full hearing" (Matter of Merchant v Caldwell, 198 AD3d at 784 [internal quotation marks omitted]; see Matter of Fielder v Fielder, 137 AD3d 1129, 1130).
Here, the Family Court erred in granting the father's modification petition to the extent of awarding him certain parental access without a hearing and without inquiring into the best interests of the children, especially in light of the parties' controverted allegations (see Matter of Baez-Delgadillo v Moya, 215 AD3d at 830; Matter of Ruiz v Sciallo, 127 AD3d 1205, 1207). Moreover, the court failed to articulate the factors and evidence material to its determination (see S.L. v J.R., 27 NY3d at 564).
Accordingly, we remit the matter to the Family Court, Westchester County, for a new determination of the father's modification petition following a full hearing.
In light of our determination, the parties' remaining contentions need not be addressed.
DILLON, J.P., BRATHWAITE NELSON, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court