Matter of Palumbo v Palumbo (2024 NY Slip Op 02324)

Matter of Palumbo v Palumbo

2024 NY Slip Op 02324

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2023-02316
 (Docket Nos. V-461-22, V-462-22, V-463-22, V-464-22, V-465-22)

[*1]In the Matter of Ashley Palumbo, respondent,
v
Robert Palumbo, appellant.

Del Atwell, East Hampton, NY, for appellant.
Andrew W. Szczesniak, White Plains, NY, for respondent.
William E. Horwitz, Briarcliff Manor, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Putnam County (Joseph J. Spofford, Jr., J.), dated January 30, 2023. The order granted the mother's motion for summary judgment on the petition seeking sole legal and physical custody of the parties' children and awarded her sole legal and physical custody of the children.
ORDERED that the order is affirmed, without costs or disbursements.
The parties have five children together, born in 2016, 2018, 2019, 2020, and 2021. In June 2022, the mother filed a petition for sole legal and physical custody of the children. Thereafter, in December 2022, the mother moved for summary judgment on her petition. The father opposed the motion. In an order dated January 30, 2023, the Family Court granted the mother's motion and awarded her sole legal and physical custody of the children. The father appeals.
Generally, child custody determinations should be made after a full evidentiary hearing to ascertain the best interests of the child (see S.L. v J.R., 27 NY3d 558, 563; Matter of Nieves v Medina, 224 AD3d 756, 756). However, this right is not absolute and a hearing is not required where undisputed facts are before the court (see S.L. v J.R., 27 NY3d at 563; Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182; Matter of Nieves v Medina, 224 AD3d at 756).
Contrary to the father's contention, a hearing was not required under the particular circumstances of this case. Here, the mother demonstrated, prima facie, that it was in the best interests of the children to award her sole legal and physical custody. It was undisputed that the terms of the father's probation prohibited him from having any contact with the children as a result of his conviction of sexual abuse in the second degree of the children's half-sister. The Family Court also conducted the mandatory review of decisions addressing custody, reports of the statewide registry of orders of protection, and reports of the sex offender registry (see Family Ct Act § 651[e][3]), which revealed that the father was "a level 2 sex offender on probation stemming from [*2]a January 14, 2021 conviction." In opposition, the father failed to raise a triable issue of fact. The father's unsubstantiated and conclusory allegations were insufficient to defeat a motion for summary judgment (see generally Matter of Marotta v Marotta, 218 AD3d 468, 470). As such, the undisputed facts before the court enabled it, without a hearing, to make a provident determination that it was in the best interests of the children to award sole legal and physical custody to the mother.
The father's remaining contention is without merit.
DILLON, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court