Matter of Horoshko v Pasieshvili (2025 NY Slip Op 03064)

Matter of Horoshko v Pasieshvili

2025 NY Slip Op 03064

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-03277
 (Docket Nos. V-892-18, V-892-18/19A)

[*1]In the Matter of Tatyana Horoshko, respondent, 
v
Gocha Pasieshvili, appellant.

Warren S. Hecht, Forest Hills, NY, for appellant.
Coffinas & Lusthaus, P.C., Brooklyn, NY (Maria Coffinas of counsel), for respondent.
Liberty Aldrich, Brooklyn, NY (Rachel Stanton and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated March 15, 2023. The order, without a hearing, granted the mother's petition for sole legal and physical custody of the parties' child, and suspended the father's parental access with the child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the mother's petition for sole legal and physical custody of the parties' child and the father's parental access with the child; and it is further,
ORDERED that pending the hearing and new determination of the mother's petition for custody and the father's parental access, the custody and parental access provisions of the order dated March 15, 2023, shall remain in effect.
The parties, who were never married to each other, are the parents of a child born in 2012. The child has been in the physical custody of the mother since her birth. In October 2018, the mother filed a petition for sole legal and physical custody of the child. In an order dated March 15, 2023, the Supreme Court, without a hearing, granted the mother's petition for sole legal and physical custody of the child and suspended the father's parental access with the child. The father appeals.
"Custody and parental access determinations should '[g]enerally be made only after a full and plenary hearing and inquiry'" (Matter of Clifford v Daly, 235 AD3d 868, 869, quoting S.L. v J.R., 27 NY3d 558, 563). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Baez-Delgadillo v Moya, 215 AD3d 829, 830). "While the general right to a hearing in custody and visitation cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v [*2]Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564; see Matter of Clifford v Daly, 235 AD3d at 869-870). "[A] court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (S.L. v J.R., 27 NY3d at 564; see Matter of Jones v Rodriguez, 209 AD3d 651, 652).
Here, the Supreme Court erred in making a final custody and parental access determination without a hearing (see Matter of Baez-Delgadillo v Moya, 215 AD3d at 830; Matter of Jones v Rodriguez, 209 AD3d at 652). Furthermore, the court failed to make any specific findings of fact regarding the best interests of the child (see S.L. v J.R., 27 NY3d at 564; Matter of Akaberi v Cruciani, 229 AD3d 541, 543). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the mother's petition for sole legal and physical custody of the child and the father's parental access with the child.
CHAMBERS, J.P., WOOTEN, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court