Matter of Lashawna W. v Department of Social Servs. (2026 NY Slip Op 01369)

Matter of Lashawna W. v Department of Social Servs.

2026 NY Slip Op 01369

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-03477
 (Docket Nos. V-13439-23, V-3636-21/23A, G-4606-23, N-3918-23/23A)

[*1]In the Matter of Lashawna W. (Anonymous), appellant,
vDepartment of Social Services, respondent. (Proceeding No. 1.)
In the Matter of Lashawna W. (Anonymous), appellant,Jada J. (Anonymous), respondent. (Proceeding No. 2.)
In the Matter of Lashawna W. (Anonymous), appellant,vJada J. (Anonymous), et al., respondents. (Proceeding No. 3.)
In the Matter of Harmony J. (Anonymous). Suffolk County Department of Social Services, respondent; Lashawna W. (Anonymous), appellant. (Proceeding No. 4.)

 
Del Atwell, East Hampton, NY, for appellant.
Christopher J. Clayton, County Attorney, Central Islip, NY (Elaine M. Barraga of counsel), for respondent Department of Social Services.
Beth A. Rosenthal, Deer Park, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, the maternal grandmother appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated April 1, 2024. The order, without a hearing, dismissed the maternal grandmother's petitions for guardianship and sole custody of the subject child.
ORDERED that the order is reversed, on the law, without costs or disbursements, the maternal grandmother's petitions are reinstated, and the matter is remitted to the Family Court, Suffolk County, for a hearing in accordance herewith and a new determination thereafter of the petitions.
In March 2023, the maternal grandmother (hereinafter the grandmother) of the child who is the subject of these related proceedings filed a petition pursuant to Family Court Act article 6 to be appointed guardian of the child following the removal of the child from the custody of the mother. Subsequently, in August 2023, the grandmother filed a separate petition for sole custody of the child. In an order dated April 1, 2024, the Family Court, without a hearing, dismissed the grandmother's petitions. The grandmother appeals.
"Custody determinations . . . require a careful and comprehensive evaluation of [*2]the material facts and circumstances in order to permit the court to ascertain the optimal result for the child" (S.L. v J.R., 27 NY3d 558, 563). Thus, "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (id., quoting Obey v Degling, 37 NY2d 768, 770; see Matter of Dysko v Dysko, 213 AD3d 847, 848). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Randall v Diaz, 208 AD3d 1330, 1331). "Although the Court of Appeals has 'decline[d] . . . to fashion a "one size fits all" rule mandating a hearing in every custody case statewide,' it has cautioned that a court 'opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision'" (Matter of Corcoran v Liebowitz, 189 AD3d 1579, 1580-1581, quoting S.L. v J.R., 27 NY3d at 564). "The Court of Appeals has, therefore, criticized the 'undefined and imprecise adequate relevant information standard' as entailing 'an unacceptably-high risk' of resulting in custody determinations that [do not] 'conform to the best interest of a child'" (id. at 1581 [internal quotation marks omitted], quoting S.L. v J.R., 27 NY3d at 564; see Matter of Maxwell, 4 NY2d 429, 439).
Here, the Family Court erred in dismissing the grandmother's petitions without a hearing and without inquiring into the best interests of the subject child (see S.L. v J.R., 27 NY3d at 562; Matter of Dysko v Dysko, 213 AD3d at 848). Moreover, the court's mere reliance upon "adequate relevant information" was improper (S.L. v J.R., 27 NY3d at 564; see Matter of Fouyalle v Jackson, 187 AD3d 907, 908).
Accordingly, the matter must be remitted to the Family Court, Suffolk County, to conduct a hearing and for a new determination thereafter of the grandmother's petitions.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court