Matter of Glantz v Kadoch

2026 NY Slip Op 02404

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Yael Glantz, respondent,

v

Marc Kadoch, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2022-09451, (Docket No. V-104-21)

Francesca E. Connolly, J.P.

Linda Christopher

Barry E. Warhit

Donna-Marie E. Golia, JJ.

Geanine Towers, Brooklyn, NY, for appellant.

Liberty Aldrich, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the child.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated August 8, 2022. The order, without a hearing, granted the mother's petition for sole legal and physical custody of the parties' child and directed the father to pay temporary child support arrears.

ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and new determination thereafter of the mother's petition for sole legal and physical custody of the parties' child; and it is further,

ORDERED that pending the hearing and new determination of the mother's petition for sole legal and physical custody of the parties' child, the custody provision of the order dated August 8, 2022, shall remain in effect.

The parties, who are married but have resided separately since 2014, are the parents of a child, born in 2012. In September 2020, the mother filed a petition for sole legal and physical custody of the child. In an order dated August 8, 2022, the Supreme Court, without a hearing, granted the mother's petition and directed the father to pay $3,600 in temporary child support arrears. The father appeals.

As an initial matter, there is no merit to the contention of the attorney for the child that the appeal should be dismissed as untimely taken. There is no evidence in the record that the father was served with the order by a party or the attorney for the child, that the father received the order in court, or that the Supreme Court mailed the order to the father. Accordingly, it cannot be determined on the record before this Court whether the father filed his notice of appeal within the required time period (see Family Ct Act § 1113; Matter of Mark M.L. [Shantia B.], 210 AD3d 1093, 1094; Matter of Batts v Muhammad, 198 AD3d 750, 751).

"Custody determinations should '[g]enerally be made only after a full and plenary hearing and inquiry'" (Matter of Guy v Weichel, 173 AD3d 1028, 1030, quoting S.L. v J.R., 27 NY3d 558, 563). "This general rule furthers the substantial interest, shared by the State, the children, and [*2]the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Horoshko v Pasieshvili, 238 AD3d 1038, 1039; Matter of Baez-Delgadillo v Moya, 215 AD3d 829, 830). "While the general right to a hearing in custody and visitation cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564). "'[A] court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision'" (Matter of Horoshko v Pasieshvili, 238 AD3d at 1039, quoting S.L. v J.R., 27 NY3d at 564).

Here, the Supreme Court erred in making a final custody determination without a hearing (see id.; Matter of Baez-Delgadillo v Moya, 215 AD3d at 830). Furthermore, the court failed to make any specific findings of fact regarding the best interests of the child and failed to clearly articulate which factors were material to its determination (see S.L. v J.R., 27 NY3d at 564; Matter of Akaberi v Cruciani, 229 AD3d 541, 543). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the mother's petition for sole legal and physical custody of the child.

Under the circumstances presented, the Supreme Court erred in directing the father to pay temporary child support arrears (see Family Ct Act § 828[4]; Matter of Josefina O. v Francisco P., 213 AD3d 1158, 1160).

CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court