Matter of Weilert v Weilert (2021 NY Slip Op 00850)





Matter of Weilert v Weilert


2021 NY Slip Op 00850


Decided on February 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-04273
 (Docket Nos. V-3622-15/18E/18F, V-3623-15/18E/18F, V-3624-15/18E/18F)

[*1]Matter of Carol Weilert, appellant, 
v
Richard Weilert, respondent.


Arza R. Feldman, Manhasset, NY (Steven A. Feldman of counsel), for appellant.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Paul M. Hensley, J.), dated March 18, 2019. The order, insofar as appealed from, after a hearing, in effect, denied that branch of the mother's petition which was to modify an order of the same court dated May 20, 2013, so as to award her sole legal and residential custody of the children.
ORDERED that the order dated March 18, 2019, is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for the appointment of an attorney to represent the interests of the children, and thereafter for a hearing and a new determination of that branch of the mother's petition which was to modify the order dated May 20, 2013, so as to award her sole legal and residential custody of the children.
The parties are the parents of three children. Pursuant to an order dated May 20, 2013, which was incorporated but not merged into the parties' judgment of divorce, the father was awarded sole legal and residential custody of the children, with certain parental access to the mother. In August 2018, the mother filed a petition, inter alia, to modify the order dated May 20, 2013, so as to award her sole legal and residential custody of the children. In an order dated March 18, 2019, made after a hearing, the Family Court, in effect, denied that branch of the mother's petition. The mother appeals. On appeal, the mother's sole contention is that the court improvidently exercised its discretion by deciding her petition without having appointed an attorney for the children.
The mother's contention that the Family Court improvidently exercised its discretion in failing to appoint an attorney for the children at the hearing is unpreserved for appellate review, since it was not raised before the Family Court (see Matter of Quinones v Quinones, 139 AD3d 1072). Nevertheless, under the circumstances presented, we exercise our power to reach the issue in the interest of justice.
The appointment of an attorney for the child in a contested custody matter is "the strongly preferred practice" (Ambrose v Ambrose, 176 AD3d 1148, 1151 [internal quotation marks omitted]). An attorney for the child "is tasked with advocating for the child's wishes and best interests, precisely because the child has a real and vital interest in the outcome and a voice that should be heard" (Matter of Newton v McFarlane, 174 AD3d 67, 75; see Family Ct Act § 241). [*2]Nevertheless, the appointment of an attorney for the child "is discretionary, not mandatory" (Ambrose v Ambrose, 176 AD3d at 1151 [internal quotation marks omitted]; see Family Ct Act § 249[a]). In making the determination whether the appointment of an attorney for the child is warranted, courts should consider, inter alia, the age of the child and the possibility of prejudice to the child (see Ambrose v Ambrose, 176 AD3d at 1151).
Here, the Family Court improvidently exercised its discretion in declining to appoint an attorney for the children in light of the ages of the children, ranging from 12 to 16 years old at the time of the hearing, the antagonistic nature of the parties' relationship, and the parties' conflicting assertions regarding each other's conduct (see Walter v Walter, 178 AD3d 991, 992; Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 642). Accordingly, we remit the matter to the Family Court, Suffolk County, for the appointment of an attorney to represent the interests of the children, and thereafter for a hearing and a new determination of that branch of the mother's petition which was to modify the order dated May 20, 2013, so as to award her sole legal and residential custody of the children.
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court