Matter of Conroy v Vaysman (2021 NY Slip Op 08182)





Matter of Conroy v Vaysman


2021 NY Slip Op 08182


Decided on February 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-10529
 (Docket Nos. V-22967-12/18F, V-6737-13/18E, V-30721-18/18A)

[*1]In the Matter of Amy Conroy, appellant,
v
Igor Vaysman, respondent. Anna Stern, Brooklyn, NY, for appellant. Kenneth M. Tuccillo, Hastings-on-Hudson, NY, for respondent.


Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Javier E. Vargas, J.), dated September 3, 2019. The order (1) granted the separate motions of the father and the attorney for the child, made at the close of the mother's case, to dismiss the mother's petition to modify an order of custody of the Supreme Court, Kings County (Patricia E. Henry, J.), dated October 4, 2016, for failure to establish a prima facie case, (2) denied the mother's motion to enjoin the father from relocating with the child to New Jersey, and (3) modified the mother's parenting time schedule.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see Family Ct Act § 1112[a]); and it is further,
ORDERED that the order dated September 3, 2019, is modified, on the law, by deleting the provision thereof denying the mother's motion to enjoin the father from relocating with the child to New Jersey; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing on the mother's motion, and a new determination thereafter; and it is further,
ORDERED that pending the new determination, the modified parenting time schedule and directive that the father shall transport the child to and from the location of the mother's parenting time, as set forth in the order appealed from, shall remain in effect.
The parties have one child together, who was born in 2012. In an order dated October 4, 2016 (hereinafter the 2016 order), the Supreme Court awarded the father sole legal and physical custody of the child and awarded the mother parenting time. In 2018, the mother petitioned to modify the 2016 order, inter alia, so as to award her sole legal and physical custody of the child. The mother subsequently moved to enjoin the father from relocating with the child to New Jersey.
The Family Court conducted a hearing and, at the close of the mother's case, the father and the attorney for the child (hereinafter the AFC) separately moved to dismiss the mother's modification petition for failure to establish a prima facie case. In an order dated September 3, 2019, the court granted the motions to dismiss and denied the mother's motion to enjoin the father's move with the child to New Jersey. The court directed the father to transport the child to and from the location of the mother's parenting time, and the court modified the mother's parenting time to account for the move. The mother appeals. By decision and order on motion dated November 7, 2019, this Court denied the mother's motion to enjoin the father from relocating with the child to New Jersey, pending the hearing and determination of this appeal.
"An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of Hugee v Gadsden, 172 AD3d 863, 864 [internal quotation marks omitted]). "In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom" (id. at 864). "The question of credibility is irrelevant, and should not be considered" (id. [internal quotation marks omitted]).
Here, the mother did not establish a prima facie case that there had been a change in circumstances warranting modification of the 2016 order. Accepting the mother's evidence as true, she did not demonstrate that the father had engaged in parental alienation (see Matter of Adams v Perryman, 68 AD3d 860, 861). Moreover, contrary to the mother's contention, her evidence did not establish that the father had attempted to interfere in her relationship with the child, causing behavioral changes in the child. Therefore, the mother did not establish a prima facie case of a change in circumstances warranting a custody change to ensure the best interests of the child, and the Family Court properly granted the motions of the father and the AFC to dismiss the mother's petition (see Matter of Hugee v Gadsden, 172 AD3d at 864).
"Generally, a parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Lipari v Lipari, 146 AD3d 870, 871 [internal quotation marks omitted]). "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (Matter of Tropea v Tropea, 87 NY2d 727, 739). "The factors to be considered 'include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements'" (Lipari v Lipari, 146 AD3d at 871, quoting Matter of Tropea v Tropea, 87 NY2d at 740-741).
Here, we agree with the mother's contention that the Family Court erred in deciding her motion to enjoin the father's move with the child to New Jersey without considering the factors set forth in Matter of Tropea. The 2016 order required the consent of the other parent or a court order if either party wished to "relocate beyond a 25 mile radius." However, contrary to the father's contention, the 2016 order did not address or automatically permit moves within a 25-mile radius. As every "relocation request must be considered on its own merits" (Matter of Tropea v Tropea, 87 NY2d at 739), the court erred in not conducting a best interests analysis under Matter of Tropea. Further, as "facts essential to the best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Matter of Jaimes v Gyerko, 165 AD3d 1135, 1137). Accordingly, we remit the matter to the Family Court, Kings County, for a hearing on the mother's motion to enjoin the father's relocation with the child to New Jersey, and a new determination thereafter. Pending that new determination, the modified parenting time schedule and directive that the father shall transport the child to and from the location of the mother's parenting time, as set forth in the order appealed from, shall remain in effect.
The mother's remaining contention is without merit.
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court