Matter of Mondschein v Mondschein (2021 NY Slip Op 04137)





Matter of Mondschein v Mondschein


2021 NY Slip Op 04137


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-00938
 (Docket Nos. V-06892-18/18C/18D/18E/19F, V-06893-18/18C/18D/18E/19F, V-07156-11/19B, V-07156-11/19E, V-07158-11/19E/19P/19S)

[*1]In the Matter of Elizabeth Mondschein, appellant,
v
Craig Mondschein, respondent.


Elizabeth Mondschein, Scarsdale, NY, appellant pro se.
Michele L. Bermel, Chappaqua, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Gail B. Rice, J.), dated December 27, 2019. The order, insofar as appealed from, denied the mother's motion, inter alia, for therapeutic parental access with the parties' youngest child, her petition, in effect, to enforce the holiday parental access provisions of the parties' judgment of divorce dated April 14, 2011, and her petition, inter alia, in effect, to modify the custody provisions of an order of the same court (David Klein, J.) entered December 20, 2013, so as to award her sole legal and physical custody of the children.
ORDERED that the appeal from so much of the order dated December 27, 2019, as relates to the parties' adult middle daughter is dismissed as academic; and it is further,
ORDERED that the order dated December 27, 2019, is modified, on the law and the facts, by deleting the provision thereof denying that branch of the mother's motion which was for therapeutic parental access with the parties' youngest child; as so modified, the order dated December 27, 2019, is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings in accordance herewith.
The parties are the divorced parents of three daughters, one of whom remains a minor, having been born in 2006. A judgment of divorce dated April 14, 2011, incorporating, but not merging, a stipulation of settlement, awarded the parties joint legal custody of the three children with sole physical custody to the mother. Pursuant to the stipulation, the parties were entitled to parental access on alternating holiday and school breaks. In an order of the Family Court entered December 20, 2013, the provisions governing custody and parental access were modified so as to award the father sole legal and physical custody of the two children who were then unemancipated, and the mother was awarded supervised parental access. In 2015, the mother's parental access to the children was modified to therapeutic parental access, which was discontinued in 2016. Supervised parental access was reinstated, but apparently did not resume. Thereafter, the requirement of supervision was lifted, and by order dated June 26, 2018, the court directed the mother to contact the subject children directly to arrange for summertime parental access. The mother appealed, and this Court reversed the order dated June 26, 2018, on the ground that the Family Court improperly [*2]delegated to the children its authority to determine parental access (see Matter of Mondschein v Mondschein, 175 AD3d 686). This Court, inter alia, remitted the matter to the Family Court for an evidentiary hearing on the mother's petition for parental access.
While the mother's appeal from the June 26, 2018 order was pending, the Family Court commenced an evidentiary hearing on the mother's newly filed petitions seeking, in effect, to enforce the holiday parental access provisions of the judgment of divorce and, inter alia, in effect, to modify the custody provisions of the order entered December 20, 2013, so as to award her sole legal and physical custody, based on the father's alleged parental alienation. After this Court's determination of the appeal from the June 26, 2018 order, and during the pendency of the hearing, the mother moved by order to show cause, inter alia, for therapeutic parental access. During the hearing, the mother testified. However, the court did not conduct an in camera interview with the children, direct a forensic examination, or seek other relevant information. At the close of the mother's case, the father and the attorney for the child (hereinafter the AFC) moved to dismiss the mother's petitions for failure to establish a prima facie case. The court granted the motions to dismiss. It also denied the mother's motion without explanation. The mother appeals.
The Family Court has jurisdiction to direct custody and visitation of minors, who are defined under the Family Court Act as "person[s] who [have] not attained the age of eighteen years" (Family Ct Act § 119[c]; see Family Ct Act § 651). Since the parties' middle child is now over the age of 18, she is no longer subject to an order directing custody and parental access (see Matter of Sullivan v Plotnick, 145 AD3d 1018, 1020). Thus, the appeal from so much of the order as relates to the parties' middle child must be dismissed as academic.
"An order of custody or [parental access] may be modified only upon a showing that there has been a subsequent change of circumstances such that modification is required to ensure the best interests of the child" (Matter of Conroy v Vaysman, 191 AD3d 977, 979 [internal quotation marks omitted]). "In deciding a motion to dismiss a petition for failure to establish a prima facie case, the court must accept the petitioner's evidence as true and afford the petitioner the benefit of every favorable inference that can reasonably be drawn therefrom" (id. at 979 [internal quotation marks omitted]).
Here, the Family Court properly denied the mother's petition, in effect, to enforce the holiday parental access provisions of the judgment of divorce. Accepting the mother's evidence as true, she failed to allege the father's willful violation of a governing parental access order (see Matter of Conroy v Vaysman, 191 AD3d 977). With respect to the mother's petition, inter alia, in effect, to modify the custody provisions of the order entered December 20, 2013, she failed to present evidence of willful parental alienation which would justify a change in custody (see Matter of Hugee v Gadsden, 172 AD3d 863, 864; Matter of Adams v Perryman, 68 AD3d 860, 861).
The Family Court erred, however, in denying that branch of the mother's motion which was for therapeutic parental access with the parties' youngest child. The court, in the order appealed from, specifically referenced this Court's determination on the mother's prior appeal and noted that the mother's current motion, inter alia, for therapeutic parental access with the parties' youngest child was made in response to this Court's prior determination. Notably, this Court, in its prior determination, directed a full evidentiary hearing and expressly stated that the record before it was "inadequate to support the Family Court's refusal to order, at the least, the resumption of therapeutic visits" (Matter of Mondschein v Mondschein, 175 AD3d at 688). Nonetheless, in response to the mother's motion seeking such relief, the record is still inadequate, as the Family Court has not conducted a full evidentiary hearing on the issue of a resumption of therapeutic access between the mother and the parties' youngest child.
Accordingly, we remit the matter to the Family Court, Westchester County, for a full evidentiary hearing to be conducted forthwith on that branch of the mother's motion which was for therapeutic parental access with the parties' youngest child, a new determination thereafter and, if warranted, a schedule setting forth such access.
The mother's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court