O'Mahoney v O'Mahoney (2022 NY Slip Op 03901)

O'Mahoney v O'Mahoney

2022 NY Slip Op 03901

Decided on June 15, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 15, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-00578
 (Index No. 715521/20)

[*1]Paul G. O'Mahoney, respondent,
v
Cathy T. O'Mahoney, appellant.

Steven P. Forbes, Huntington, NY, for appellant.
Quatela Chimeri PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for respondent.
Jaime S. Bower, Jamaica, NY, attorney for the children.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment dated May 4, 2016, the defendant appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered December 21, 2020. The order, insofar as appealed from, without a hearing, denied those branches of the defendant's motion which were to modify the judgment of divorce so as to award her residential custody of the parties' children and pursuant to CPLR 5015(a)(3) to vacate the provisions of the judgment of divorce with respect to economic issues.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to modify the judgment of divorce so as to award her residential custody of the children; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the appointment of an attorney to represent the interests of the children, a hearing on that branch of the defendant's motion which was to modify the judgment of divorce so as to award her residential custody of the children, and a new determination thereafter.
The plaintiff and the defendant were married in 2004. The parties' children were born in 2011. The parties were divorced by a judgment dated May 4, 2016. Pursuant to the judgment of divorce, the parties were awarded joint legal custody of the children, the plaintiff was awarded residential custody, with parental access to the defendant, and the defendant was to pay the plaintiff $25 per month in child support. Neither party requested an award of maintenance. In September 2020, the defendant moved, inter alia, to modify the custody provisions and vacate the economic provisions of the judgment of divorce. In an order entered December 21, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
"In order to modify an existing court-sanctioned custody agreement, there must be a showing of a subsequent change in circumstances so that modification is required to protect the best interests of the child. Custody determinations should generally be made only after a full and plenary hearing. However, [a] parent seeking a change of custody is not automatically entitled to a hearing. Rather, a parent must make some evidentiary showing of a change in circumstances [*2]demonstrating a need for a change of custody in order to insure the child's best interests. While the general right to a hearing in custody and visitation cases is not absolute, where facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Trazzera v Trazzera, 199 AD3d 855, 858 [internal quotation marks and citations omitted]). On the other hand, "[c]onclusory and nonspecific allegations relating to a change in circumstances are insufficient to justify a hearing on the issue of whether a change in custody would be in the best interests of the child" (Matter of Chichra v Chichra, 148 AD3d 883, 884). "[W]illful interference with a noncustodial parent's right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent" (Matter of Williams v Norfleet, 140 AD3d 1078, 1079 [internal quotation marks omitted]).
Here, the Supreme Court erred in denying, without a hearing, that branch of the defendant's motion which was to modify the custody provisions in the judgment of divorce. The defendant alleged that although the plaintiff had been awarded residential custody, the parties and the children had continued to live together as a family in the marital home for nearly four years after the divorce and that the defendant had been the children's primary caregiver (see Matter of Errante v Murry, 172 AD3d 711, 713; Matter of Eddington v McCabe, 98 AD3d 613, 614). The defendant also provided evidence that the plaintiff had interfered with her right to joint legal custody of the children and her "reasonable rights of visitation" as provided for in the judgment of divorce (see Matter of Williams v Norfleet, 140 AD3d at 1079). Finally, the plaintiff and the defendant raised specific, contested allegations as to the other's fitness to serve as the custodial parent (see Trazzera v Trazzera, 199 AD3d at 858). Accordingly, the defendant made an evidentiary showing of changed circumstances requiring a change of custody to ensure the best interests of the children, and a hearing was necessary to determine whether the custody provisions in the judgment of divorce should be modified.
"The appointment of an attorney for the child in a contested custody matter is the strongly preferred practice. An attorney for the child is tasked with advocating for the child's wishes and best interests, precisely because the child has a real and vital interest in the outcome and a voice that should be heard" (Matter of Weilert v Weilert, 191 AD3d 788, 789 [internal quotation marks and citation omitted]). Here, in light of the children's ages and the sharply contested allegations regarding the parties' parental fitness, upon remittitur, the Supreme Court should appoint an attorney to represent the children's interests.
The Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 5015(a)(3) to vacate the economic provisions of the judgment of divorce. "The court which rendered a judgment or order may relieve a party from it upon such terms as may be just, on motion of any interested person with such notice as the court may direct," based upon the "fraud, misrepresentation, or other misconduct of an adverse party" (id.). Contrary to the defendant's contentions, she failed to meet her burden of presenting evidence that the plaintiff had fraudulently induced her into not defending the matrimonial action and into acquiescing to terms that were unconscionable or the product of fraud and overreaching (see Dowlah v Dowlah, 89 AD3d 675, 676; Gaw v Gaw, 80 AD3d 557, 558; cf. Petrosino v Petrosino, 171 AD3d 960, 962).
Accordingly, we remit the matter to the Supreme Court, Queens County, for the appointment of an attorney for the children, a hearing on that branch of the defendant's motion which was to modify the judgment of divorce so as to award her residential custody of the children, and a new determination thereafter.
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court