Rizea v Rizea (2023 NY Slip Op 03935)

Rizea v Rizea

2023 NY Slip Op 03935

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-05263
 (Index No. 712939/21)

[*1]Roxana Rizea, respondent,
v
Stefan C. Rizea, appellant.

The Law Firm of Poppe & Associates, P.C., New York, NY (Kamelia Poppe of counsel), for appellant.
Roxana Rizea, Seaford, NY, respondent pro se.
Adewole Agbayewa, Fresh Meadows, NY, attorney for the children.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered February 28, 2020, the defendant appeals from an order of the Supreme Court, Queens County (Margaret Parisi McGowan, J.), dated May 23, 2022. The order, insofar as appealed from, without a hearing, (1) granted that branch of the plaintiff's motion which was, in effect, to modify the parties' stipulation of settlement dated October 10, 2019, which was incorporated but not merged into the judgment of divorce, so as to permit her to relocate with the parties' children to Nassau County, (2) granted that branch of the defendant's cross-motion which was, in effect, to modify the parental access provisions of the parties' stipulation of settlement only to the extent of awarding him three weekends per month and a midweek dinner if agreed to be coordinated by the parties, and (3) denied that branch of the defendant's cross-motion which was to enforce the nondisparagement and joint decision-making provisions of the parties' stipulation of settlement.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a hearing and new determinations thereafter of (1) that branch of the plaintiff's motion which was, in effect, to modify the parties' stipulation of settlement so as to permit her to relocate with the parties' children to Nassau County, (2) that branch of the defendant's cross-motion which was, in effect, to modify the parental access provisions of the parties' stipulation of settlement, and (3) that branch of the defendant's cross-motion which was to enforce the nondisparagement and joint decision-making provisions of the parties' stipulation of settlement; and it is further,
ORDERED that pending the new determinations, the parental access provision of the order dated May 23, 2022, shall remain in full force and effect, except for the following: (1) the defendant shall have parental access with the children from 5:30 p.m. until 8:00 p.m. on Wednesdays, (2) the defendant shall be responsible for the children's transportation for his Wednesday parental access, (3) the plaintiff shall drop off the children at the defendant's residence at the commencement of the defendant's weekend parental access; and (4) the defendant shall drop off the children at the plaintiff's residence at the end of defendant's weekend parental access.
The parties married in 2010 and divorced by judgment of divorce entered February 28, 2020. They have two children together. A stipulation of settlement dated October 10, 2019 (hereinafter the settlement agreement), was incorporated but not merged into the judgment of [*2]divorce. Pursuant to the settlement agreement, the parties had joint legal custody of the children, the plaintiff had physical custody of the children, and the defendant had certain parental access. In November 2021, the plaintiff moved, inter alia, in effect, to modify the settlement agreement so as to permit her to relocate with the children to Nassau County. The defendant cross-moved, among other things, in effect, to modify the parental access provisions of the settlement agreement and to enforce the nondisparagement and joint decision-making provisions of the settlement agreement. The Supreme Court, without a hearing, inter alia, granted that branch of the plaintiff's motion which was, in effect, to modify the settlement agreement so as to permit her to relocate with the children to Nassau County, granted that branch of the defendant's cross-motion which was, in effect, to modify the parental access provisions of the settlement agreement only to the extent of awarding him three weekends per month and a midweek dinner if agreed to be coordinated by the parties, and denied that branch of the defendant's cross-motion which was to enforce the nondisparagement and joint decision-making provisions of the settlement agreement. The defendant appeals.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of Pinto v Pinto, 177 AD3d 746, 747 [internal quotation marks omitted]). "Generally, a parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Conroy v Vaysman, 191 AD3d 977, 979 [internal quotation marks omitted]). "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (id. [internal quotation marks omitted]). "The factors to be considered include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (id. at 797-780 [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-41).
"Since a court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Pinto v Pinto, 177 AD3d at 747 [internal quotation marks omitted]). "This allows the court to fulfill its duty to make an enlightened, objective and independent evaluation of the circumstances" (id. at 747-748 [internal quotation marks omitted]). "[A]s a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (id. at 748 [internal quotation marks omitted]; see S.L. v J.R., 27 NY3d 558, 564).
Here, the defendant correctly contends that the Supreme Court erred in granting that branch of the plaintiff's motion which was, in effect, to modify the settlement agreement so as to permit her to relocate with the children to Nassau County without first holding a hearing. The parties' motion papers revealed numerous disputes regarding facts material to this branch of the plaintiff's motion, necessitating a hearing (see S.L. v J.R., 27 NY3d at 564; Matter of Pinto v Pinto, 177 AD3d at 748). Additionally, in granting this branch of the plaintiff's motion, the court erroneously failed to consider the factors set forth in Matter of Tropea v Tropea (see Matter of Conroy v Vaysman, 191 AD3d at 980). The court also improperly effectively delegated authority to the plaintiff to determine whether the defendant would have parenting time on weeknights (see Matter of Acosta v Melendez, 179 AD3d 912, 914). Under the circumstances of this case, the court also should have specified who would be responsible for transporting the children at the beginning and conclusion of the defendant's parental access time (see Matter of Thomas v Mobley, 206 AD3d 743, 746). Finally, in light of the disputed factual allegations and lack of credibility findings or factual findings, the record is insufficient to determine whether the court correctly denied that branch of the defendant's cross-motion which was to enforce the nondisparagement and joint decision-making provisions of the settlement agreement (see Mage v Mage, 216 AD3d 758).
Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing and new determinations thereafter of that branch of the plaintiff's motion which was, in effect, to modify the settlement agreement so as to permit her to relocate with the parties' children to Nassau [*3]County, that branch of the defendant's cross-motion which was, in effect, to modify the parental access provisions of the settlement agreement, and that branch of the defendant's cross-motion which was to enforce the nondisparagement and joint decision-making provisions of the settlement agreement. Pending those new determinations, the parental access provisions of the order dated May 23, 2022, shall remain in full force and effect, except for the following: (1) the defendant shall have parental access with the children from 5:30 p.m. until 8:00 p.m. on Wednesdays, (2) the defendant shall be responsible for the children's transportation for his Wednesday parental access, (3) the plaintiff shall drop off the children at the defendant's residence at the commencement of the defendant's weekend parental access; and (4) the defendant shall drop off the children at the plaintiff's residence at the end of defendant's weekend parental access.
The remaining contentions of the attorney for the children are without merit.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court