Matter of Janvier v Santana-Jackson (2023 NY Slip Op 05732)

Matter of Janvier v Santana-Jackson

2023 NY Slip Op 05732

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-07381
 (Docket Nos. V-14936-16/18F,V-04242-18/18A, V-04242-18/19C)

[*1]In the Matter of Nicholas Janvier, respondent,
v
Tiffany Santana-Jackson, appellant.

Christina T. Hall, Harrison, NY, for appellant.
Daniel L. Pagano, White Plains, NY, for respondent.
Joy S. Joseph, White Plains, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (IDV Part) (Arlene Katz, J.), dated September 15, 2021. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of the same court dated February 20, 2018, so as to permit him to relocate with the subject child to New Jersey, and denied the mother's cross-petition to modify that order so as to award her sole physical custody of the child.
ORDERED that the order dated September 15, 2021, is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for the completion of a hearing on the father's petition to modify the order dated February 20, 2018, so as to permit him to relocate with the child to New Jersey, and the mother's cross-petition to modify that order so as to award her sole physical custody of the child, and new determinations thereafter of the petition and cross-petition; and it is further,
ORDERED that pending the completion of the hearing and new determinations of the petition and cross-petition, the child shall remain in the physical custody of the father, and the provisions of the order dated September 15, 2021, shall remain in effect.
The mother and the father are the unmarried parents of a child born in 2015. In a final order of custody and parental access on consent dated February 20, 2018 (hereinafter the 2018 final order of custody), the mother and the father agreed that they would have joint legal custody of the child and that the father would have sole physical custody. At that time, the mother and the father both resided in New Rochelle. The order, inter alia, provided for parental access to the mother on alternating weekends from Friday at 4 p.m. to Sunday at 7 p.m. and every Wednesday at 4 p.m. to Thursday at 7 p.m., and during the weeks when the mother did not have weekend parental access, she would have parental access from Tuesday at 4 p.m. to Thursday at 7 p.m.
Two months later, by filing a petition dated April 16, 2018, the father sought to modify the 2018 final order of custody so as to permit him to relocate to New Jersey with the child. [*2]The father alleged in his petition that he was relocating "due to employment and better income," that he and the child would be living in a better home, and that the child would benefit from a "better school district." In August of 2018, a hearing on the father's relocation petition commenced. In December 2018, the mother filed a cross-petition to modify the 2018 final order of custody so as to award her sole physical custody of the child. In an order dated February 20, 2019, the Family Court declared what it termed a "mistrial," terminating the hearing that had been commenced on the father's relocation petition.
A hearing on the father's relocation petition and the mother's cross-petition for an award of sole physical custody recommenced in May 2019. The Family Court admitted into evidence copies of forensic reports dated December 12, 2018, and July 31, 2019; however, due to multiple factors, including the global COVID-19 pandemic and the court's scheduling issues, the hearing did not continue for many months. In an interim order dated August 28, 2019, the court, while acknowledging that "many facts [were] still in dispute," that "the trial [was] still ongoing," and that "it [was] pre-mature for [the] Court to make any findings and determinations," continued the award of sole physical custody of the child to the father and, essentially, permitted the father to enroll the child in preschool in New Jersey. After a virtual conference on April 21, 2021, the court ordered a second updated forensic evaluation. By order dated September 15, 2021, before completion of the second updated forensic evaluation, and although neither the father nor the mother rested their respective case or gave a closing argument, the court, inter alia, granted the father's relocation petition and denied the mother's cross-petition for an award of sole physical custody of the child.
"Custody determinations . . . require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the optimal result for the child" (S.L. v J.R., 27 NY3d 558, 563). Accordingly, "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (id. at 563, quoting Obey v Degling, 37 NY2d 768, 770; see Matter of Randall v Diaz, 208 AD3d 1330, 1331). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Randall v Diaz, 208 AD3d at 1331). "[W]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (S.L. v J.R., 27 NY3d at 564; Matter of Fouyalle v Jackson, 187 AD3d 907, 908 [internal quotation marks omitted]). Here, the Family Court erred in making a final custody determination without completing the hearing on the father's petition and the mother's cross-petition in order to determine what arrangement was in the best interests of the child (see S.L. v J.R., 27 NY3d at 562; Matter of Randall v Diaz, 208 AD3d at 1331).
Accordingly, we remit the matter to the Family Court, Westchester County, for the completion of the hearing and new determinations thereafter of the father's petition and the mother's cross-petition. In so doing, we express no opinion as to what the Family Court's determinations should be on the merits.
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court