Aboagye v Aboagye (2025 NY Slip Op 03550)

Aboagye v Aboagye

2025 NY Slip Op 03550

Decided on June 11, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 11, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
LOURDES M. VENTURA, JJ.

2024-10923
 (Index No. 603745/22)

[*1]Jessica F. Aboagye, appellant,
v
Michael O. Aboagye, respondent.

Tabat, Cohen, Blum, Yovino & Diesa, P.C., Hauppauge, NY (Elizabeth Diesa and Angela A. Ruffini of counsel), for appellant.
Elliott Scheinberg, New City, NY, for respondent.
Donna England, Centereach, NY, attorney for the children.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered November 13, 2023, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated September 3, 2024. The order, insofar as appealed from, denied, without a hearing, that branch of the plaintiff's motion which was, in effect, to modify the parties' settlement agreement dated July 14, 2023, which was incorporated but not merged into the judgment of divorce, so as to permit her to relocate with the parties' children to Rockland County.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine whether the plaintiff established a sufficient change in circumstances and, if appropriate, a new determination thereafter of that branch of the plaintiff's motion which was, in effect, to modify the parties' settlement agreement so as to permit her to relocate with the parties' children to Rockland County.
The parties were married in 2009 and were divorced by a judgment of divorce entered November 13, 2023. They have three children together. A settlement agreement dated July 14, 2023 (hereinafter the settlement agreement), was incorporated but not merged into the judgment of divorce. Pursuant to the settlement agreement, the parties shared joint legal custody of the children, the plaintiff was awarded physical custody of the children, and the defendant was awarded certain parental access. Significantly, the settlement agreement provided, in pertinent part, that until the youngest child's 18th birthday, the plaintiff "shall not relocate the children beyond thirty (30) land miles from [her] current residence without the prior written permission from the other party or an order of a Court of competent jurisdiction." In March 2024, the plaintiff moved, inter alia, in effect, to modify the settlement agreement so as to permit her to relocate with the children from Suffolk County to Rockland County, alleging that she was recently engaged to be married and wished to move with the children into her fiancé's larger home in New City. The Supreme Court, without a hearing, denied that branch of the plaintiff's motion. The plaintiff appeals.
"'In order to modify an existing custody arrangement, there must be a showing of a [*2]subsequent change in circumstances such that modification is required to protect the best interests of the child'" (Matter of Jones v Jones, 231 AD3d 829, 830, quoting Matter of Marotta v Marotta, 218 AD3d 468, 470; see Matter of Davis v Perry, 235 AD3d 747, 747-748). "The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of Pinto v Pinto, 177 AD3d 746, 747 [internal quotation marks omitted]). "'Generally, a parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Rizea v Rizea, 218 AD3d 807, 808-809, quoting Matter of Conroy v Vaysman, 191 AD3d 977, 979). "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (id. at 809 [internal quotation marks omitted]). "The factors to be considered include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (id. [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741).
"No agreement of the parties can bind the court to a disposition other than that which a weighing of all . . . the factors involved shows to be in the child's best interest" (Matter of Jaimes v Gyerko, 165 AD3d 1135, 1136 [internal quotation marks omitted]). "Since a court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Pinto v Pinto, 177 AD3d at 747 [internal quotation marks omitted]). "This allows the court to fulfill its duty to make an enlightened, objective and independent evaluation of the circumstances" (id. at 747-748 [internal quotation marks omitted]). "[A]s a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (id. at 748 [internal quotation marks omitted]; see S.L. v J.R., 27 NY3d 558, 564).
Contrary to the Supreme Court's determination, the allegations by the plaintiff as to her engagement and intent to reside with her fiancé at his home in Rockland County, coupled with the plaintiff's difficult living arrangements and the parties' increasing hostility toward each other, if true, would constitute a sufficient change in circumstances since the execution of the settlement agreement to warrant reexamination of the existing custody arrangement (see Matter of Jones v Jones, 231 AD3d at 830). Since the parties' motion papers revealed numerous disputes regarding facts material to this branch of the plaintiff's motion, a hearing to determine those facts is necessary (see S.L. v J.R., 27 NY3d at 564; Matter of Pinto v Pinto, 177 AD3d at 748).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the plaintiff established a sufficient change in circumstances and, if appropriate, a new determination thereafter of that branch of the plaintiff's motion which was, in effect, to modify the settlement agreement so as to permit her to relocate with the parties' children to Rockland County (see Matter of Tropea v Tropea, 87 NY2d at 740-741).
DUFFY, J.P., FORD, LANDICINO and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court