Stein v Stein (2025 NY Slip Op 03752)

Stein v Stein

2025 NY Slip Op 03752

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-06847
 (Index No. 602990/22)

[*1]Scott Stein, respondent, 
v
Rachel Stein, appellant.

Barrows Levy PLLC, Garden City, NY (Matthew Grosso of counsel), for appellant.
Simonetti & Associates, Westbury, NY (Timothy J. Fallon and Judith Akerman of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered September 7, 2023, the defendant appeals from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated July 8, 2024. The order, insofar as appealed from, denied, without a hearing, those branches of the defendant's motion which were, in effect, to modify the parties' stipulation of settlement dated April 19, 2023, which was incorporated but not merged into the judgment of divorce, so as to permit her to relocate with the parties' children to Connecticut and to establish a new parental access schedule.
ORDERED that the order is reversed insofar as appealed from, on the law, the facts, and in the exercise of discretion, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the appointment of an attorney to represent the interests of the children, and thereafter, a hearing and a new determination of those branches of the defendant's motion which were, in effect, to modify the parties' stipulation of settlement dated April 19, 2023, which was incorporated but not merged into the judgment of divorce, so as to permit her to relocate with the parties' children to Connecticut and to establish a new parental access schedule.
The parties were married in 2010 and were divorced by judgment of divorce entered September 7, 2023. They have three children together, who were born in 2012, 2015, and 2018. A stipulation of settlement dated April 19, 2023 (hereinafter the settlement agreement), was incorporated but not merged into the judgment of divorce. Pursuant to the settlement agreement, the parties had joint legal and physical custody of the children in accordance with, inter alia, a parental access schedule set forth in the settlement agreement. In May 2024, the defendant moved, among other things, in effect, to modify the settlement agreement so as to permit her to relocate with the children to Connecticut and to establish a new parental access schedule. The plaintiff opposed the defendant's motion. In an order dated July 8, 2024, the Supreme Court, inter alia, denied, without a hearing, those branches of the defendant's motion. The defendant appeals.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of Pinto v Pinto, 177 AD3d 746, 747 [internal quotation marks omitted]). "Generally, a parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests" (Matter of Conroy v Vaysman, 191 AD3d 977, 979 [internal quotation marks omitted]). [*2]"[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (id. [internal quotation marks omitted]). "The factors to be considered include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable [parental access] arrangements" (id. at 979-980 [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741).
"Since a court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Pinto v Pinto, 177 AD3d at 747 [internal quotation marks omitted]; see Rizea v Rizea, 218 AD3d 807, 809). "This allows the court to fulfill its duty to make an enlightened, objective and independent evaluation of the circumstances" (Matter of Pinto v Pinto, 177 AD3d at 747-748 [internal quotation marks omitted]). "[A]s a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (id. at 748 [internal quotation marks omitted]; see S.L. v J.R., 27 NY3d 558, 564; Rizea v Rizea, 218 AD3d at 809).
Here, the Supreme Court should not have denied those branches of the defendant's motion which were, in effect, to modify the settlement agreement so as to permit her to relocate with the children to Connecticut and to establish a new parental access schedule without first holding a hearing (see Matter of Janvier v Santana-Jackson, 221 AD3d 815, 817-818; Rizea v Rizea, 218 AD3d at 809). The parties' papers submitted in connection with the motion revealed numerous disputes regarding facts material to those branches of the defendant's motion, necessitating a hearing (see S.L. v J.R., 27 NY3d at 564; Rizea v Rizea, 218 AD3d at 809; Matter of Williams v Jenkins, 167 AD3d 758, 760).
Further, "[t]he appointment of an attorney for the child in a contested custody matter is the strongly preferred practice. An attorney for the child is tasked with advocating for the child's wishes and best interests, precisely because the child has a real and vital interest in the outcome and a voice that should be heard" (Matter of Weilert v Weilert, 191 AD3d 788, 789 [citation and internal quotation marks omitted]; see O'Mahoney v O'Mahoney, 206 AD3d 819, 820-821). Under the particular circumstances of this case, including the children's ages and the nature of some of the allegations, upon remittitur, the Supreme Court should appoint an attorney to represent the children's interests (see O'Mahoney v O'Mahoney, 206 AD3d at 820-821).
Accordingly, we remit the matter to the Supreme Court, Suffolk County, for the appointment of an attorney to represent the interests of the children, and thereafter, for a hearing and a new determination of those branches of the defendant's motion which were, in effect, to modify the settlement agreement so as to permit her to relocate with the children to Connecticut and to establish a new parental access schedule.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court