Kataeva v Kataev (2025 NY Slip Op 06051)

Kataeva v Kataev

2025 NY Slip Op 06051

Decided on November 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-05117
 (Index No. 200619/18)

[*1]Albina Khaimova Kataeva, respondent,
v
Emanuel Kataev, appellant.

Quatela | Chimeri, PLLC, Hauppauge, NY (Christopher J. Chimeri and Sophia Arzoumanidis of counsel), for appellant.
Albina Khaimova, named herein as Albina Khaimova Kataeva, Massapequa, NY, respondent pro se.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered August 28, 2020, the defendant appeals from an order of the Supreme Court, Nassau County (Edmund M. Dane, J.), entered June 30, 2022. The order, insofar as appealed from, denied, without a hearing, those branches of the defendant's motion which were, in effect, to modify the custody provisions of the parties' so-ordered stipulation entered January 6, 2022, so as to enjoin the plaintiff from relocating with the parties' children to Massapequa and enrolling them in the Massapequa School District, to grant the defendant primary residential custody of the children for the purposes of schooling and direct that the children be enrolled in the Great Neck School District, or, in the alternative, to direct that the plaintiff shall transport the children to and from the location of the defendant's parental access, and granted that branch of the plaintiff's cross-motion which was, in effect, to enforce certain tax reimbursement provisions of the so-ordered stipulation to the extent of directing the defendant to reimburse the plaintiff the sum of $4,565 for certain tax expenditures.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant's motion which were, in effect, to modify the custody provisions of the parties' so-ordered stipulation entered January 6, 2022, so as to enjoin the plaintiff from relocating with the parties' children to Massapequa and enrolling them in the Massapequa School District, to grant the defendant primary residential custody of the children for the purposes of schooling and direct that the children be enrolled in the Great Neck School District, or, in the alternative, to direct that the plaintiff shall transport the children to and from the location of the defendant's parental access; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on those branches of the defendant's motion, and a new determination thereafter.
The parties, who were divorced by judgment entered August 28, 2020, have two children together. Pursuant to a so-ordered stipulation entered January 6, 2022 (hereinafter the stipulation), the parties agreed, among other things, to share joint legal custody of the children, with the plaintiff having primary residential custody for purposes of schooling. The stipulation prohibited the plaintiff from relocating with the children to a location more than 15 miles from the former marital residence, located in Garden City, without either the defendant's consent or a court order.
In May 2022, the defendant moved, inter alia, in effect, to modify the custody provisions of the stipulation so as to enjoin the plaintiff from relocating with the children to Massapequa, approximately 13 miles from the former marital residence, and enrolling them in the Massapequa School District, to grant the defendant primary residential custody of the children for the purposes of schooling and direct that the children be enrolled in the Great Neck School District, where the defendant resided, or, in the alternative, to direct that the plaintiff shall transport the children to and from the location of the defendant's parental access. The plaintiff cross-moved, among other things, in effect, to enforce certain tax reimbursement provisions of the stipulation to the extent of directing the defendant to reimburse the plaintiff the sum of $4,565 for certain tax expenditures. In an order entered June 30, 2022, the Supreme Court, inter alia, denied, without a hearing, those branches of the defendant's motion, and granted that branch of the plaintiff's cross-motion. The defendant appeals.
"'Modification of a court-approved stipulation setting forth the terms of custody or parental access is permissible only upon a showing that there has been a sufficient change in circumstances such that modification is necessary to ensure the best interests and welfare of the child[ren]'" (Matter of Fiore v Gima, 227 AD3d 1071, 1073, quoting Matter of Graffognino v Esposito, 223 AD3d 805, 807). A request to relocate children "must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child[ren]'" (Matter of Conroy v Vaysman, 191 AD3d 977, 980, quoting Matter of Tropea v Tropea, 87 NY2d 727, 739). "'No agreement of the parties can bind the court to a disposition other than that which a weighing of all the factors involved shows to be in the child[ren]'s best interest'" (Schwartz v Schwartz, 186 AD3d 1742, 1745, quoting Friederwitzer v Friederwitzer, 55 NY2d 89, 95).
Here, the Supreme Court erred in denying,without a hearing, the stated branches of the defendant's motion without considering whether the plaintiff's relocation is in the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d at 739; Matter of Conroy v Vaysman, 191 AD3d at 980; Matter of Jaimes v Gyerko, 165 AD3d 1135, 1136-1137). Contrary to the plaintiff's contention, the stipulation did not automatically permit moves within a 15-mile radius from the former marital residence without the defendant's consent (see Matter of Conroy v Vaysman, 191 AD3d at 979). Moreover, a stipulation's geographic restriction on relocation is not dispositive, but rather, is a relevant factor to consider in determining whether relocation is in the best interests of the children (see Matter of Tropea v Tropea, 87 NY2d at 741 n 2; Schwartz v Schwartz, 186 AD3d at 1745; Matter of Jaimes v Gyerko, 165 AD3d at 1136-1137). "Where, as here, facts essential to the best interests analysis, and the circumstances surrounding such facts, remain in dispute, a hearing is required" (Matter of Jaimes v Gyerko, 165 AD3d at 1137; see Matter of Grant v Grant, 89 AD3d 1023, 1024; see also Matter of Amy L.M. v Kevin M.M., 31 AD3d 1224). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing on those branches of the defendant's motion which were, in effect, to modify the custody provisions of the stipulation so as to enjoin the plaintiff from relocating with the children to Massapequa and enrolling them in the Massapequa School District, to grant the defendant primary residential custody of the children for the purposes of schooling and direct that the children be enrolled in the Great Neck School District, or, in the alternative, to direct that the plaintiff shall transport the children to and from the location of the defendant's parental access, and a new determination thereafter.
Contrary to the defendant's contention, the Supreme Court properly granted that branch of the plaintiff's cross-motion which was, in effect, to enforce certain tax reimbursement provisions of the stipulation to the extent of directing the defendant to reimburse the plaintiff the sum of $4,565 for certain tax expenditures (see Turco v Turco, 230 AD3d 1182, 1183).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court