Osuagwu v Osuagwu (2026 NY Slip Op 01524)

Osuagwu v Osuagwu

2026 NY Slip Op 01524

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-08282
 (Index No. 36070/20)

[*1]Leaticia C. Osuagwu, respondent, 
vChinonyerem O. Osuagwu, appellant.

Chinonyerem Osuagwu, New City, NY, appellant pro se.
Law Offices of Robert S. Lewis, P.C., Nyack, NY, for respondent.
Nicole DiGiacomo, New City, NY, attorney for the children.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated February 3, 2022, the defendant appeals from an order of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), dated May 16, 2024. The order, after a hearing, granted the plaintiff's motion, in effect, to modify the judgment of divorce so as to permit her to relocate with the parties' children to Houston, Texas.
ORDERED that the order is affirmed, with costs.
The parties, who were divorced by judgment dated February 3, 2022, have two children together. Pursuant to the judgment, the plaintiff was awarded sole legal and physical custody of the children, and the defendant was awarded weekly parenting time with the children. In 2023, the plaintiff moved, in effect, to modify the judgment of divorce so as to permit her to relocate with the children to Houston, Texas, where her family lived. In an order dated May 16, 2024, after a hearing, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"'Generally, a parent seeking to relocate with a child bears the burden of establishing by a preponderance of the evidence that the proposed move would be in the child's best interests'" (Rizea v Rizea, 218 AD3d 807, 808-809, quoting Matter of Conroy v Vaysman, 191 AD3d 977, 979). "[E]ach relocation request must be considered on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (id. at 809 [internal quotation marks omitted]). "The factors to be considered include, but are certainly not limited to each parent's reasons for seeking or opposing the move, the quality of the relationships between the child and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child's future contact with the noncustodial parent, the degree to which the custodial parent's and child's life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (id. [internal quotation marks omitted]; see Matter of Tropea v Tropea, 87 NY2d 727, 740-741).
Inasmuch as "[t]he weighing of these various factors requires an evaluation of the testimony, character, and sincerity of all the parties involved" (Matter of Feery v Feury, 168 AD3d 729, 730), the hearing court's findings are entitled to deference and its determination will be not be disturbed if supported by a sound and substantial basis in the record (see Matter of Karen H. v Maurice G., 101 AD3d 1005).
Here, the evidence established that the plaintiff was the children's primary caregiver and was responsible for their educational and extracurricular activities. The plaintiff demonstrated that moving to Texas would enable her to have family support, to have appropriate living space, and to be in a better financial position to help support the children (see Morelli v Morelli, 235 AD3d 636). Therefore, contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff established that her proposed relocation would serve the children's best interests (see Matter of Tropea v Tropea, 87 NY2d 727).
The defendant's remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court